UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JERRILYNN D. GRAY

    Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiffs reside here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, JERRILYNN D. GRAY, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, CONVERGENT OUTSOURCING, INC., is a corporation and citizen of the state of Colorado with its principal place of business at 800 Southwest 39th Street, Renton, Washington 98055.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect an alleged debt incurred for personal, family or household purposes.

10. Defendant left the following message on Plaintiff's residential voice mail, on or about the dates stated:

April 26, 2013

"For Jerrilynn Gray. If this is Jerrilynn Gray please press one now. If this is not Jerrilynn Grey please press two now."

_____

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose it name.

14. Defendant knew it was required to disclose that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

15. Plaintiffs incorporate Paragraphs 1 through 14.

16. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for:

    a. Damages;

3

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17.    Plaintiffs incorporate Paragraphs 1 through 14.

18.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its named and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.,</u> 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.,</u> 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff, JERRILYN GRAY, requests that the Court enter judgment in her favor and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    JENNIFER M. COLSON, ESQ.
    Attorney for Plaintiff
    Post Office Box 50028

        Lighthouse Point, FL 33064
        Telephone: 954-784-2290
        Facsimile: 954-784-2770
        jcolson@jennifercolsonpa.com


        By: s/ Jennifer M. Colson
        Jennifer M. Colson, Esq.
        Florida Bar No. 047783